# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 10-807V

Filed: July 2, 2018

Not to be Published

**************************************

| | |
|---|---|
| ANTHONY J. HAMBY and | * |
| ANGELA B. HAMBY | * |
| as Parents and Guardian Ad Litem of | * |
| MEGAN LANEE HAMBY, | * |
| | * |
| Petitioners, | * |
| | * |
| | * |
| v. | * |
| | * |
| SECRETARY OF THE DEPARTMENT | * |
| OF HEALTH AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

Attorneys' fees and costs decision;
denied as moot

**************************************

Peter J. Sarda, Raleigh, NC, for petitioners
Jennifer L. Reynaud, Washington, DC, for respondent

**MILLMAN, Special Master**

### DECISION DENYING AN AWARD OF ATTORNEYS' FEES AND COSTS[1]

On November 19, 2010, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that tetanus-diphtheria-acellular-pertussis ("Tdap") vaccine administered on May 15, 2008 caused her acute disseminated encephalomyelitis ("ADEM"). Pet. Preamble and ¶¶ 1, 2, 4.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On September 30, 2011, respondent filed a stipulation in which the parties agreed to settle this case. The undersigned issued a Decision on Damages and Attorneys' Fees and Costs based on the stipulation on September 30, 2011.

Judgment entered on November 9, 2011. Petitioners filed an Election to Accept Judgment on November 10, 2011.

On January 27, 2012, petitioners filed a Motion to Amend Judgment, requesting relief from judgment entered on November 9, 2011. The undersigned denied petitioners' motion on February 3, 2012. Petitioner did not file a motion for reconsideration.

On December 7, 2012, petitioners filed a supplemental motion for attorney' fees and costs ("supplemental motion"). Petitioners requested $2,150.00 in attorneys' fees and $962.50 in attorneys' costs, for a total request of $3,112.50. Respondent did not file a response to petitioners' supplemental motion.

Petitioners' supplemental motion is denied as moot.


**IT IS SO ORDERED.**


Dated: <u>July 2, 2018</u>                                                          <u>s/ Laura D. Millman</u>
                                                                                            Laura D. Millman
                                                                                            Special Master

2